Gibson J. absent, Tilgiiman C. J.
delivered the opinion of the Court.
The verdict in this case having been for the plaintiff, a motion has been made on the part of the defendant for a new . 1 In support of this motion, several matters have been offered both of law and fact, but there is one which demands particular attention. An affidavit has been produced, of one . .... * . . oí the jurors,- by which it appears, that a difficulty m the pla'ntiff’s account, having been mentioned, after the jury had received the charge of the Court, and retired to consider of their verdict, the foreman of the jury declared, that the plaindff had satisfied him, with regard to that difficulty, in a conversation which he had with him, out of Court, and after the jury had been sworn. The' plaintiff’s counsel contended, that the Court should pay no regard' to this affidavit, because it is impolitic to permit jurors to relate what passed between themselves, and for this they relied on the case of Cluggage v. Swan, 4 Binn. 150. That was a very different case from 'the present. The jury drew lots for the verdict, and the Court refused to hear the affidavit of one of the jurors to prove it. Whether jurors should be permitted to disclose their own misconduct, has been a vexata questio. I declined giving any opinion on that point,- in Cluggage v. Swan, because the case did not require it. There was enough to set aside the verdict, on other grounds. But my brethren, the late Judges Yeates and Brackenridge certainly were decidedly of opinion, that the affidavit of the juror should not be regarded. But it never has been, and I trust never will be doubted, that the affidavit of a juror shall not be received to prove *459 misbehaviour, of one of the parties of the suit. The holding. of conversations with jurors after they are sworn, is a tice against which the Court should '.set its face resolutely, and put it down at oncei It must be known, that a party r may lose, but cannot gam, by a conversation with a juror after he is sworn, unless it be open,-and'by permission of the Court. If the verdict should be against him,' it- will stand ; if for him, it will be-set aside. It is objected, that this is hearsay evidence. To be sure,.as to the fact of the foreman’s conversing with the plaintiff, it is, in some sort, hearsay, because the juror who made the affidavit was not present at the conversation. But it is not hearsay, that the foreman informed his fellows of the explanation of the account which had been- given by the plaintiff; nor is it hearsay, that at least one of the jurors, (the foreman,) declared himself satisfied, by evidence which was not given in open- Court.. But for my own part, where one of the parties is charged with a kind of misconduct which strikes at the root of trial by jury, and no attempt is made to contradict, or explain it, I am not for being very scrupulous in weighing the evidence. From what has been disclosed to the Court, I am satisfied in my conscience, that an improper communication took place between the plaintiff and the foreman of the jury; and therefore I am. of opinion that the verdict should be set aside. Several important points of law were argued, but as the law may depend upon the evidence, and there is some reason to suppose, that the evidence on another trial may not be quite the same as on the last, it would be premature to give an opinion at present.
New trial awarded.